# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Kenneth Thomas,**

        **Petitioner,**

**v.**                                                     **Case No. 15-3264-JWL**

**Claude Maye,**

        **Respondent.**

## MEMORANDUM & ORDER

Kenneth Thomas, a federal prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition raises one claim—that the Bureau of Prisons failed to award him prior custody credit for the time he spent in the custody of the Missouri Department of Corrections for a state parole violation after sentencing in his federal case. In its answer and return, the government contends that the court should deny the petition because Mr. Thomas's sentence was undisputedly calculated correctly. As will be explained, the record demonstrates that Mr. Thomas's sentence was calculated correctly and his petition is denied.

The record reflects that Mr. Thomas was arrested by federal agents in October 2011 and charged with conspiracy to distribute and possess with intent to distribute cocaine and marijuana. Mr. Thomas entered a guilty plea in March 2013. In July 2013, the Missouri Department of Corrections, Board of Probation and Parole, issued a parole violation warrant in St. Louis County Circuit Court case number 2105R-02207. In March 2014, Mr. Thomas was sentenced to a 90-month term of imprisonment in his federal drug case to run consecutive to any sentence imposed under case number 2105R-02207. Indeed, Mr. Thomas's federal sentencing

judge expressly ordered his federal sentence to run consecutive to any sentence imposed in the state court case for the parole violation.[1]

As a result of the federal judge's order that Mr. Thomas's federal sentence run consecutively to any sentence imposed in the state court case, Mr. Thomas was removed from federal custody on May 7, 2014 and transferred to the Missouri Department of Corrections. A federal detainer was placed on Mr. Thomas. In August 2014, Mr. Thomas's parole was revoked by the State of Missouri. The time that Mr. Thomas spent in custody up to the date of revocation was credited toward his state sentence and he completed his state sentence on December 12, 2014. At that time, Mr. Thomas was transferred to the United States Marshals Service and ultimately transported to his designated facility.

In calculating Mr. Thomas's sentence, the BOP awarded 935 days of prior custody credit to Mr. Thomas from October 18, 2011 (the date he was arrested on federal charges) through May 7, 2014 (the date he was transferred to Missouri for his parole violation proceedings) and for the two days that he was in state custody after the expiration of his state sentence. The BOP did not award prior custody credit for time Mr. Thomas spent in custody in Missouri from May 8, 2014 through December 12, 2014. This determination was undisputedly correct. The pertinent statute requires that a defendant be given credit toward the service of a term of imprisonment only if that time "has not been credited against another sentence." 18 U.S.C. §

---

[1] In his petition, Mr. Thomas asserts that his federal sentencing judge "ordered" that Mr. Thomas receive credit for the time that he was held in state custody. There is no support for this assertion in the record and the district court would not have been authorized to enter such an order in any event. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (district court not authorized to compute prior custody credit at time of sentencing; BOP makes that determination once the defendant begins his or her sentence).

3585(b).  The record reflects that the time that Mr. Thomas spent in custody in the state of Missouri from May 8, 2014 through December 12, 2014 was credited toward his state sentence. As such, the BOP properly did not credit that time toward Mr. Thomas's federal sentence. *See United States v. Simpson*, 525 Fed. Appx. 733, 735 (10th Cir. May 14, 2013) (BOP was correct in not crediting against federal sentence time spent serving a sentence issued by State of Arizona); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for his detention time.").

For the foregoing reasons, Mr. Thomas's petition is denied and this action is dismissed with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Thomas's petition for relief under 28 U.S.C. § 2241 is denied and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
